You may proceed. The clerk will call the next case. 314-0484 William Downey Ritchie-Slusher Appendix by Donna Burner v. City of Pekin Mr. Burner? Yes. You may proceed. Good afternoon. Good afternoon. Today we have in the lower court made a facial challenge constitutionally to Pekin's impoundment ordinance. I want to make a distinction before I go any further. In some cases courts have confused a toll ordinance with an impoundment and forfeiture ordinance. And a toll ordinance is generally an emergency situation where there's an accident and it has to be towed. It's called under the community care doctrine. And that's significant here and I'll explain why. But in any event, a toll ordinance is if you have an accident, your car is blocked in the highway, they take it off, you're charged with DUI, you're the only driver, so they tow it to a facility, that's a toll ordinance and you pay for the toll and you pay for the storage. It might only be one day. An impoundment ordinance is where they say, okay, you used your car to transport drugs. You used your car while your license was suspended. That's a violation. In other words, you used the car to commit a predicate offense. We're going to take the car, we're going to impound it, and we're going to fine you $500 for the violation of the ordinance. And we're going to throw in towing and also storage at a fairly high rate. So those are the distinctions. And it's important because with just a toll ordinance, we're in a sense they've got an implied right to tow the car because it's necessary and the state has those powers. You see a car on the side of the road and it's got a sticker on it. They allow it there for two days or three days or whatever and then they have a right to take it and tow it somewhere. But the person hasn't violated a statute. Here in the city's ordinance, it basically says let's take the first predicate offense. You've used your car to transport drugs. So your car facilitated drug transportation. That's a violation of an ordinance. You're going to be fined and we're going to keep your car until you pay it. So with that background, I want to just go through a couple of statutes that I believe barred the city from enforcement of this ordinance and even passing it. And also statutes that were violated as far as the Fourth Amendment and the right to jury trial. And here, my pen works. You'll see here, this is the Administrative Adjudication Act. And this was enforced, this particular provision, as it stands now, was enforced during the entire time this ordinance was in effect. It has been repealed, the ordinance. But this is the form that was in effect. Now you will see that it says here they can't adjudicate any offense under the Illinois Vehicle Code for a similar offense. All right. Now, three out of the five offenses that are what I call predicate offenses or underlying offenses, all of the Illinois Vehicle Code, they're driving basically under the influence or driving while your license is suspended or revoked or your permit. In other words, you don't have any right to drive. Eighty-five percent of the violations were the Illinois Motor Vehicle Code violations. One thing I want to say before I leave this, because I've got a number of things to bring up, the statute says adjudication. And if you look at Black's Law Dictionary cases that talk about what adjudication is, adjudication is resolving a dispute between two parties in binary litigation. It doesn't say, it doesn't use the word conviction or criminal or anything like that. It just says you can't adjudicate these offenses. And my point is when you hit, when you determine that, or the city would determine that you violated their ordinance, their impoundment and forfeiture ordinance, they're saying you committed, we're adjudicating the fact that you committed an offense under the Illinois Motor Vehicle Code. That's my point. And I'm saying they were barred. They could not do that. And these other statutes here are from the Vehicle Code and said basically throughout the state it had to be uniform and there was a limitation on home rule powers that coincide with that particular statute. Okay? So, first of all, they were barred from passing it in the first place. And they were barred from enforcing it in the first place. Because they could not adjudicate those offenses which were necessary to get the conviction or the violation, if you will. I wanted to mention the Fourth Amendment here. What happens when you have a traffic stop, as you probably know, when you stop the person and under a show of authority or physical restraint keep them from going where they want to go, movement, it's a seizure of a person under the Fourth Amendment. Okay? That's the first thing. The second thing is when you take the car and you impound it for a violation, that's a taking of property under the Fourth Amendment. And so that transaction is protected by the Fourth Amendment. That's clearly the case. And it's applicable to the states through the 14th Amendment Due Process Clause. Now, this clause, this amendment here, is generally thought in two respects. That there's a Warrant Clause and there's a Reasonableness Clause. And you'll see that if you read it. And that there's warrants that are issued based on probable cause. Also, it has to be reasonable. And that's how it's viewed. And my point here is this. They take the car and they need probable cause to take the car under the Fourth Amendment because this is within the Fourth Amendment seizure of a person, seizure of property. So they need probable cause. And that becomes the problem. Because, first of all, if a person says there was no probable cause, their hearing officer determines that. And he can't. A judicial officer determines constitutional rights. Not a hearing officer. The core responsibility. I mean, the EPA grabs people's property every day in this state based on administrative review and everything. Well, there's many ways that eminent domain. But I haven't seen anyone take property of people without going through some type of court procedure. For example, the Forfeiture Act in the state of Illinois, where they take cars that are used with drugs or houses or whatever, they are entitled in the state of Illinois to a jury trial by the case of O'Malley. So just taking property, they may eventually take it, but they do require a court order. I've never seen property taken that didn't require a court order. Eventually, the EPA might say, you violated our regulations. That doesn't give them the right, in my view, to go out and take your property. They still have to get a court order. Well, even on these, say, car seizures and stuff and drugs. Pardon? In these automobile seizures, for example, and drugs, and the forfeiture. I mean, at the time of the arrest, the police snatched the car and then there's proceedings later whether or not they get to keep it and sell it or not. Right. Like in the game code, you get caught shooting too many ducks and the police warden stops you, they snatch your gun, your car, and everything else. And there's a proceeding later as to whether they get to keep it or not. And my point is this, is that the proceeding is at court. The court decides at a preliminary hearing, was there a probable cause to stop the car or stop the man, seize his person, and then seize his property. So you're right. And sometimes it can be done without a warrant. But the problem here is this statute allows warrantless acquisitions of property in every case. There is no warrant requirement. And that is unconstitutional. The Supreme Court of the United States has said we have a preference for warrant. If you can get a warrant before you arrest someone or before you take their property, you have to. Now, they have an ordinance that says you can take this property, period. You don't need a warrant. Well, why do they do that? That's the next question, I guess. Well, they do that because it's expedient. No one has to go to court and get a warrant. And their hearing officer can issue warrants. The only person that can issue a warrant in the state of Illinois is the judge. I'm just trying to – but the initial seizure, I mean, virtually every day, the DNR people for gang violations, the state police, the feds on drug arrests, seize, make warrantless, they don't get a warrant. There's a lot of exceptions to the warrant requirement. And I would agree with that. I don't have any disagreement with that. But when you have – there was a recent case, June 22nd, the city of Los Angeles versus Patel. And basically they said, yeah, there are exigent circumstances where you don't need a warrant. There are a number of exceptions. Some commentators say an awful lot of exceptions. But you can't have a warrant that says you never need a warrant. And prior to the Patel case, there was a different standard. And I just ask that perhaps you read that case and think about my comments, because I've got a few more points to make. But the other thing it does is if the person wants a preliminary hearing, their hearing officer determines whether there was probable cause under the Fourth Amendment. And my point is a hearing officer is not a judicial magistrate. He's not a detached neutral magistrate. He can't make that decision constitutionally. So the ordinance is unconstitutional in those two respects. Is it – would your argument – I mean, if they were not impounding and towing and notifying an individual – I mean, basically the $500 fine is what they get at the end of the day. If they didn't have the towing and the storage component to this, they just said, you know, you own this vehicle. You were convicted of this crime. Would your argument be the same then? It's just attached more with the seizure of the vehicle itself rather than the underlying them saying, you know, if we can show it was used, then we get the $500 fine. If you – you know, unlike other forfeitures where they're going to sell it, they say you're going to get your vehicle back. You paid $500. Here there's two problems. Even if it was $1, they're still taking your property away from you, okay? And they're still impounding it. Even if you run down there and give them the dollar and get your car back, even a temporary disposition of property is a violation of the Fourth Amendment. That's my point, okay? So if it was $1. But the other thing that you bring up, and it's a very good point, some of these impoundment ordinances, $500. And although this is not on the face of the document, and I'm making a facial challenge here, but I think your question raises this issue. If you can't pay the $500 and the towing and the storage, which gets to be about $700 or $800, you lose your car. You can't get your car. Now, for the people in this courtroom, probably the $500, they could put it down and get their car back. But there were one or five people that couldn't. They lost their car. So it's an impoundment and forfeiture as opposed to towing. That's my point. The second thing. Pardon? Oh, boy. Okay. I just make this point. The criminal code gives you a jury trial for an ordinance violation punishable by a prior norm. Okay? It had a right to jury trial. Just like you would have a right to jury trial. And here's the kicker. And this is the one that I suggest to the court. There's no way around it. This is Supreme Court Rule 501, and it issues judiciary. It has precedent over any ordinance or any statute. And what does it say? Any case with charges of violation of a statute, ordinance, regulation relating to the operation or use of motor vehicles, the use of streets or track vehicles is entitled to jury trial. Those rules are from 501 through 572. And that's where you get the uniform citation. I know none of you have received one, but I have. And on the back of the ticket, you check jury trial, right? And that is why. And if you think about this, you're using your car to commit an underlying predicate offense in the regulating the operation or use of a motor vehicle. These people that went through this process, they had a right to ask for a jury trial. And they also had a right to ask for a jury trial by reason of the Constitution, which these statutes are based from. And I'll tell you why. In 1970, the Constitution was formed in Illinois. And in 1870, it had the same language. And it says it's heretofore enjoyed. And that's significant because traffic offenses, even speeding offenses, in the state of Illinois were entitled to a jury trial. Everybody knows that. You got a ticket. You could go to jury. They take your car because they say you used it to commit a drug offense, and you're in administrative hearing. If they say you used your car to drive under the influence, they take your car and fine you. You're in an administrative hearing, and then you're defending the DUI in court. Counselor, your time is up. My time is up? All right. Thank you. Any questions, I guess, I should ask? Any questions for Mr. Burr? No. Mr. Dancy, you may proceed. Oh, excuse me. May I please have the floor? Counsel, Co-Counsel Sue Basich has been with me on this one. It has always appeared to the city, and it was apparent to Judge Gilfillan, that there's a fundamental flaw in the foundation of Mr. Burner's challenge and these arguments. And that is Mr. Burner's insistence, because it is critical to his challenges, that these are criminal penalties and there are criminal offenses and that it's criminal prosecutions in the guise of something else. He has to have that criminal context, otherwise it all is evanescent. It all goes away. Well, they can only snatch the car because of a criminal offense, right? Yeah, it has to be. But those aren't the predicates. You don't need the car, and I have a suspended license. You're not charged with an offense. Your car is impounded because it was used by me in the commission of offense. I'm charged with one thing. Your car is impounded because it was used in the commission of the offense. What if there's an acquittal? What's that? What if there's an acquittal on the offense? Well, it's a separate administrative. It's not tied to the offense at all. It's an administrative action. And that's the real distinction. Either the impound ordinance, which is similar to countless others, is a valid administrative action with valid civil penalties, as it says it is, as it was styled, and as Illinois courts have found them to be. Well, if there's a civil penalty for, as they say, driving this car down the highway of Pekin while carrying drugs, okay? It's the civil penalty for allowing your car to be used. Well, let's say the driver's the only one, just for sake of ease. And you're saying, well, you're driving your car carrying drugs. And you go to court on the direct charge, and they say, he didn't have drugs. He's not guilty. And yet he's got his car. And so there's a civil penalty for driving a car, not having drugs. In other words, he's found not guilty. Yeah, but, I mean, I think the reason is because it's a separate administrative proceeding, and the basis for the seizure is probable cause to believe they committed the offense. I mean, that's written right in the administrative rule. So you can seize property permanently based on probable cause. I mean, like, you know, the game code I'm a little familiar with, and if you get caught in the warden thinks you've got a game violation, he'll take your car, take your shotgun, take it all, and away they go. But if you're found not guilty of the underlying offense, they've got to give it back. Yeah, but the same way with drug seizures, you know. But this, I mean, I guess it's because it's a separate administrative proceeding, divorced from the criminal prosecutions that go forward. I think Justice Schmidt's point is that it may not be all that much divorce because it is relying upon one of those five criminal acts to get to the point of the civil proceeding or the administrative proceeding. I mean, there has to be an arrest for one of the enumerated offenses. But once that occurs, there are two separate proceedings, one criminal and one civil. Well, isn't that an arrest warrant? There could be a warrantless arrest out on the road, right? Oh, yeah. Most of them are traffic stops. Sure. I guess what I would, every court that has looked at it properly as an administrative scheme has upheld it as legitimate against substantive and procedural due process claims. The $500 penalty was taken care of in the Chicago case. The legislature itself adopted a very similar one as a model ordinance in 12. And when Judge Guilfoyle asked Mr. Brenner, well, do these arguments vitiate the statutory 2012, he said, yeah, they would. So this is not a unique ordinance to Pekin. This is an ordinance that is utilized fundamentally similar throughout. Peoria Heights has got it. Bartonsville's got it. East Peoria's got it. Peoria's got it. Morton's got it. It is an ordinance that has been used across the state, and it has been upheld unanimously by appellate courts that have looked at it and seen it for what it is, which is a legitimate exercise of legislative authority in the administrative sphere. Just a quick thing here, if you're saying the city can seize your property because one of our officers reasonably had probable cause to believe you committed a crime, but then after they put it under the microscope in the criminal courts, it means this officer in all the good faith in the world was wrong, and you know, they have probable cause, you don't have to be right, you just got to be reasonable. And they said the copper was reasonable, but he was wrong. He didn't commit the offense. We're taking your property anyway. I guess the remedy built into the Administrative Act is the remedy built into all administrative actions, and that is you have a right to appeal. You have a notice of the hearing. You have a right to be present. You have a right to make your arguments. If you don't like the decision, it goes up on administrative review, administrative appeal, and it comes here. So you have a remedy for the situation you're saying built within administrative. It would be a real problematical action if the administrative ability to appeal pursuant to the Administrative Review Act wasn't built right into the scheme. You're done. Thank you. Okay. I wasn't sure if I got it right. Okay. Mr. Berner for rebuttal. Thank you. First of all, I don't believe there has to be any criminal offense. A crime is much broader than an offense. A speeding offense, you get a jury trial. No one says when you do 55 in a 35 you're a criminal, but it is an offense, and you are punished for it. There's a prosecutor. But I don't think this statute, this ordinance, takes your car for speeding. No, it does not. It takes your car to drive you with a suspended license, drugs, drug paraphernalia, transportation, and really it has an additional component to the underlying component because it says you used your car, which under the law means the car facilitated the offense. That's why we can take it. If you rob the bank and you use the car, you're facilitating the bank robbery with the car. So they take the car. Actually, the ordinance violations are referred to as quasi-criminal. So you get, if you want, on the underlying offense, whether it be some traffic offense or petty offenses, I don't think any of the listed ones are petty offenses. They're either class A misdemeanors or perhaps felons. So you've got your jury trial on that. Now this administrative thing, as Mr. Dancy pointed out, there is the administrative review law. And why doesn't that say that? Why doesn't that satisfy that? Well, it's like having two cops, okay, from one event. Let's say you had, and this is part of the ordinance. It's not the hypothetical way out there. You can, one of the underlying offenses is driving under the influence. And they say you use your car to drive under the influence. So that's one count because you're being fined $500 for taking your car. They're punishing you for using your car to do it. Then they're punishing you because you drove under the influence. So you've got two counts. Now does it make sense really to take one count to court and the other count to administrative proceeding and have different results? You are being charged with two different offenses. And you have a right to a jury trial for each of those offenses. By Supreme Court rule, these statutes I went through very quickly. Not to mention they're bar not. Mr. Dancy loves labels, frankly. And if he says, well, it's an administrative proceeding, and that's a court proceeding. What makes an administrative? That because they say it is? So they can determine your Fourth Amendment rights. They can take your jury trial away because they say it's an administrative proceeding. So what? If they take my car and they have to prove that I drove under the influence to take it, why don't I have a jury trial? Well, as I said, in administrative law, for example, the EPA shuts a business down, and when they take away your livelihood, that's taking away some real serious property. And yet that goes through administrative procedures through the EPA, the boards, and then up the field to administrative review law. But I don't care what you call it. It's certainly a seizure of property when you shut a person's business down. Well, I don't know how far to go with this because I'm talking about these situations, traffic offenses, Supreme Court Rule 501. It doesn't talk about the EPA, but it does say that, and I think it's binding on this court, it is binding, that a traffic offense is entitled to a jury trial. It's that simple. It doesn't say EPA here in all respects. It doesn't say that this is a traffic offense. Now, how doesn't it involve the operation of a vehicle? Let me get right down to it. One minute? Okay. The other thing is this idea that he thinks rescues him, that you can appeal. Okay? Well, if you don't have subject matter jurisdiction in the first place, an appeal doesn't satisfy this court. One of the things this court does is make sure that they have jurisdiction over matters, right? If I came for the workman's compensation claim, you'd kick me out. You'd have that right to do that because you don't have jurisdiction initially over workman's comp. Well, subject matter jurisdiction is, does the person have the power to render the decision in the first place? And if they don't, an appeal doesn't give them the power. Now, what's the toughest part of this case, in my view, after a considerable study of the Fourth Amendment and all these, isn't the law. It's not the law. It's the fact that it's terribly unpopular. Well, you know, one other thing I meant to ask you. You know, in your, are you familiar with the case Jackson v. City of Chicago? Yes. I mean, yeah. Well, that kind of runs counter to your argument, doesn't it? No, because none of those cases address this issue as far as the constitutionality of the ordinance. None of them brought up that you had a right to jury trial. None of them. So these issues are first impression. Those cases did not, were not presented with the issue of a jury trial. They were not presented with Fourth Amendment issues. They were presented with things like excessive fines. Is there double jeopardy because you could be fined here and also fined in court? Well, let me just suggest that really the best way to brief these issues is to take cases that one could argue are on point and differentiate them instead of ignoring them. Well, I'm not ignoring them. They're in my brief, and I distinguish them. And how I distinguish them is very simply that courts decide issues that are presented to them. They don't look for issues. In fact, they even say courts do. I've been the recipient. You waived it. You didn't bring it up in the trial court. So I'm saying those cases that he mentions don't address these issues. You have to address them. And I appreciate your time. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. All right, now we'll stand on brief recess for a panel discussion.